MACEIRA, PLAINTIFF AND APPELLANT, *v.* PIETRI ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action.
of Unlawful Detainer.

No. 2528.—Decided May 23, 1922.

UNLAWFUL DETAINER—CONFLICT OF TITLES—LEASE.—The well-known rule that an action of unlawful detainer can not be maintained for settling a conflict of titles does not prevent a tenant from resisting the action by virtue of an alleged lease, or a landlord from reentering by ouster for the sole reason that the tenant pleads the existence of a lease.

ID.—ESTOPPEL—AGENCY—EVIDENCE.—In the action of unlawful detainer the defendants offered oral evidence to show that an agent with certain powers entered into a lease contract and did other acts from which the defendants attempt to infer the principal's intervention. This is not enough upon which to base an estoppel against the lessor, nor is it such positive evidence as is required to establish the agency.

ID.—APPEAL.—When both parties have submitted their evidence pro and con and the court below refuses to adjust the conflict in the evidence because it considers itself without jurisdiction, the Supreme Court can adjust the conflict.

The facts are stated in the opinion.
*Messrs. Soto Gras & Siaca* for the appellant.
*Mr. R. Cuevas Zequeira* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

An unlawful detainer suit was begun against the defendants who at the trial set up the defense that their possession was based on a verbal lease which by its terms had not expired. Thereupon the court rendered judgment for the defendants and in its opinion refused to decide the question of the existence of the lease, but based its judgment on the ground that a controversy of the kind or "conflict of rights" could not be resolved in an unlawful detainer proceeding. In this there was error committed.

The decisions of this court and of the Supreme Court of

Spain which limit the inquiry in unlawful detainer proceedings only hold that a conflict of titles ought ordinarily not to be considered therein, but it has never been laid down that a tenant might not ventilate his right to hold possession under an alleged lease, nor that a landlord might not obtain possession by unlawful detainer merely because the tenant claims the existence of a lease. The very object of the unlawful detainer proceeding is to verify whether the landlord has an immediate right to possession. The existence of a lease would destroy this right, but that is all. The question of whether or not there was an existing lease should have been decided by the court below.

The parties submitted all their proof in this regard and rested. Therefore, we are in a complete position to decide the question which the court below thought it had no jurisdiction to consider.

The court in its opinion intimated that it was inclined to believe that the agent of the landlord did agree to lease for a term of years to the principal defendant. Assuming for the moment that this is true, we find no sufficient evidence that the said agent had due authority from his principal to make the said lease. When the defendant attempted to show the acts and declarations of the agent with respect to the giving of the alleged lease for years the complainant, through her attorneys, objected that before this character of evidence could be introduced it should first be shown that the said agent had due authority from his principal to make the said contract. The court, however, without any offer from the defendant to prove the alleged agency, admitted the evidence. The witnesses do not even go to the extent of testifying that the said agent asserted a right to make such a lease. They say that he made a lease and allowed the principal defendant to go to an expense of six or seven hundred dollars in making changes ordered by the Sanitation Department for the leased property. This is not enough

to base an estoppel against the principal. The agent, examined on the stand, very frankly said that there were negotiations looking to the lease, but they were never perfected. He maintained that his principal never consented. On the other hand, the basis for the alleged lease was submitted by the principal defendant to her attorney, who took the stand to say that he was too busy to have ever drawn it up in complete form. Further examining the evidence, it appears that the price of the rental was never definitely agreed upon.

If the theory that the words and declarations of the agent would bind the principal were to be upheld, then every cook, every employee and every agent could hopelessly bind his employer. The agency must be proved by positive proof, or by a clear estoppel, and we find neither one nor the other in the record.

But we go further. The agent declared positively that his authority was limited; that he submitted every proposition to his principal; that he submitted the one in regard to the rental for years, and that the said principal refused to entertain the proposition. When it is remembered that these alleged negotiations for a lease occurred in 1918, several years before the beginning of the unlawful detainer proceeding, it seems rather unlikely that any of the parties would have consented to the informality of an existing lease for years without a written contract. The principal defendant herself admits that she put off reducing the lease to form. It is true that she maintains that she did so by reason of the representations of the agent. But when the whole testimony is examined we find that this conclusion is unwarranted and, in any event, we find no evidence in the record which would justify the conclusion that the agent had authority to bind his principal by a lease for years. We find that the principal defendant, whatever may be the sense of injury or wrong, did not make out a case to show a lease for years.

The judgment must be reversed and one entered for the complainant.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.